# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JAMES K. HESCH,

    Plaintiff,

                                  Civil No. 05-358 WJ/LFJ

FRANK H. GREGG, II, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO CHANGE VENUE

THIS MATTER comes before the Court upon Defendants' Amended Motion to Change Venue, filed July 20, 2005 **(Doc. 21)**. This is a copyright infringement case in which Plaintiff alleges that Defendants reproduced, distributed and displayed various computer software programs without authorization or license by Plaintiff, who is allegedly the registered copyright owner. Having reviewed the parties' briefs and applicable law, the Court finds no reason to transfer venue of this case to Texas.

### Background

Since 1999, Plaintiff and Defendant Gregg had teamed their respective efforts in the creation, marketing and sale of computer software which is used to digitize and manipulate data used in the subcontractor construction trades. The history of their partnership and the disintegration of their business relationship is a matter of record from the parties' briefs as well as testimony given at a hearing held before the undersigned on June 30, 2005. On July 7, 2005, following this hearing, the Court granted a partial preliminary injunction to Plaintiff regarding

some of the software programs at issue. (Doc. 19).

Defendant Gregg, through the Defendant companies which he either manages or controls, filed a lawsuit in state court in Fort Bend County, Texas against Ziatek, of which Plaintiff is sole owner. The lawsuit asserted claims of breach of agreement and contract. In that lawsuit, Plaintiff alleged counterclaims including breach of contract, unjust enrichment and misappropriation of the Plaintiff's copyrighted programs. The action was apparently dismissed for lack of jurisdiction based on preemption by federal copyright law.[1]

Defendants contend that the Southern District of Texas constitutes a more appropriate and convenient venue for the resolution of Plaintiff's claims, and thus that this case should be transferred to that district under 28 U.S.C. § 1404(a).

## Discussion

A motion to transfer venue is governed by 28 U. S. C. § 1404(a) which provides that: "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The party moving to transfer venue has the burden of establishing that the existing forum is inconvenient. Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F. 2d 1509, 1515 (10th Cir. 1991). Exercise of the power to transfer venue rests in the sound discretion of the district court. Scheidt v. Klein, 956 F. 2d 963, 965 (10th Cir. 1992). A court may examine the following factors: accessibility of witnesses and other sources of proof, including the availability of compulsory process; the cost of making the necessary proof; questions as to the enforceability of

---

[1] It is not clear whether all the claims in the state court case have been dismissed. See, Ex. 6 to Reply to his Motion for a Temporary Restraining Order and Preliminary Injunction, Doc. 16 (order from state court striking and dismissing part of the Third Amended Petition).

a judgment if there is one; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical. Chrysler Credit Corp., 928 F. 2d at 1516 (citing Texas Gulf Sulphur Co. v. Ritter, 371 F. 2d 145, 147 (10th Cir. 1967)).  This list is not exhaustive and no one factor is determinative.

Defendants contend that transfer under § 1404(a) is appropriate because Plaintiff could have initially filed his lawsuit in the Southern District of Texas.  See, Hoffman v. Blaski, 363 U.S. 335, 343-44 (1960) (transfer of action depends on whether transferee district was one where action "might have been brought" by plaintiff).  Defendants point out that the Amended Complaint states that all Defendants in this case reside in Texas; that the critical events pertaining to this case occurred in Texas; and that the Southern District of Texas could have exercised personal jurisdiction over the Defendants.  As a further basis for a change of venue, Defendants also list twelve witnesses who are located in Texas, note that some discovery was exchanged in the state lawsuit and that Texas law governs several counterclaims which Defendants anticipate they will assert in the federal case.

The Court is not persuaded that venue should be changed.  Plaintiff chose a New Mexico federal forum for the disposition of his copyright claim, and generally, great deference is given to a plaintiff's choice of forum, particularly where Plaintiff is a resident of this forum.  Ervin & Associates, Inc. V. Cisneros,  939 F. Supp. 793 (D. Colo. 1996) (Although the plaintiff's choice of forum is generally accorded due deference, where the plaintiff's choice of forum is not his residence, it is given much less weight in ruling on a discretionary transfer motion).  A plaintiff's

3

choice is not necessarily determinative when other factors such as convenience of the parties and witnesses makes the transfer appropriate.  See, Cook v. Atchison, Topeka & Santa Fe Ry. Co., 816 F. Supp. 667, 669 (D. Kan. 1993) (plaintiff's choice of forum is entitled to substantial weight but that where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum, the plaintiff's choice of forum is given reduced weight).

The Court finds, however, that the factors raised by Defendants do not sufficiently weigh in favor of transfer.  Based on my review of the proposed testimony of Defendants' witnesses, I agree with Plaintiff that there are relatively few key witnesses who reside in Texas.  In fact, as Plaintiff points out, the two witnesses who were members of BVH Gregg Manufacturing, LLC (Mr. Browne and Mr. Ivers), and who do appear to be key witnesses, both reside in Virginia – not Texas.  As far as the applicability of Texas law and the discovery that has already been completed in Texas state court, the bulk of state law claims have been dismissed in favor of the underlying federal copyright claim.  The United States District Court for the District of New Mexico has both subject matter and personal jurisdiction and the Court is certainly capable of applying Texas law.  Moreover, this Court has already made rulings on issues and a considerable record now exists.  The Magistrate Judge assigned to this case has already issued a Rule 16 Scheduling Order (Doc. 22) and this Court intends to proceed with this case until resolution.  For the foregoing reasons, the Court rejects the reasons presented by Defendants as a basis for a change of venue to the southern District of Texas.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Amended Motion to Change Venue **(Doc. 21)** is hereby DENIED;

**IT IS FURTHER ORDERED** that Defendants' Motion to Change Venue **(Doc. 20)** is hereby DENIED AS MOOT in light of the Court's disposition on Defendants' Amended Motion to Change Venue.

                                            UNITED STATES DISTRICT JUDGE