IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES K. HESCH,

    Plaintiff,

                                        Civil No. 05-358 WJ/LFG

FRANK H. GREGG, II, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO RECONSIDER**

THIS MATTER comes before the Court upon Defendants' Motion For Relief from the Court's Memorandum, Opinion and Order Granting Plaintiff's Motion for Preliminary Injunction and/or Permanent Injunction Concerning the Ziatek JetsStream Digitizing Software, filed September 13, 2005 **(Doc. 35)**. Having considered Defendants' factual and legal arguments as well as the attached exhibits, the Court finds the motion is not well-taken and will be denied.[1]

This is a copyright infringement case in which Plaintiff alleges that Defendants reproduced, distributed and displayed various computer software programs without authorization or license by Plaintiff, who is allegedly the registered copyright owner. On July 6, 2005, the Court granted preliminary injunctive relief with respect to the software packages Ziatek Crystal, Ziatek Rock-It!, Ziatek Carp-It!, Ziatek Tile-It; Ziatek e-Takeoff!, Ziatek MeasurePro and Ziatek Power Takeoff! Doc. 19. The Court recently granted Plaintiff's request for preliminary injunctive relief with regard to the Ziatek JetStream software as well. Docs. 28 and 30.[2]

---

[1] In light of the Court's disposition of the motion, there will be no need for a response.

[2] In Document 28, the Court deferred the effectiveness of the injunction until the matter of a security bond under Rule 65(c) was resolved. In Document 30, the Court acknowledged that

In general, there are three grounds for granting a motion to reconsider: 1) if a manifest error of law or fact has been committed by the court; 2) if new evidence has been discovered; and 3) if there has been an intervening change in controlling law. Servants of the Paraclete, Inc. v. Great American Ins., 866 F.Supp. 1560, 1581 (D.N.M. 1994); see also Nat'l Union Fire Ins.Co. of Pittsburgh v. Midland Bancor, Inc., 869 F.Supp. 880, 883 (D.Kan.1994). "A motion to reconsider is appropriate when the court has obviously misapprehended a party's position or the facts or applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence." Benedictine College v. Century Office Products, 866 F.Supp. 1323, 1326 (D.Kan. 1994). The decision whether to grant a motion to reconsider is committed to the sound discretion of the court. Thompson v. City of Lawrence, 58 F.3d 1511, 1514-15 (10th Cir. 1995) (citing Hancock v. City of Okla. City, 857 F.2d 1394, 1395 (10th Cir. 1988).

Defendants contend that the Court's grant of preliminary injunctive relief with respect to the Ziatek JetStream software was predicated upon a clear factual error, and request that the Court alter or amend it to deny Plaintiff's application for injunctive relief on the JetStream software. The error claimed by Defendants is the Court's statement in its Order granting injunctive relief that Defendant Gregg drafted the Agreement of Ownership and the Membership Agreement. See, Doc. 28 at 5. Defendants are correct that this statement was a factual error. Plaintiff Hesch, and not Defendant Gregg, drafted both documents. Ex. A at 217. However, even with a correction of this factual finding, the Court finds that it is unnecessary and

---

Defendants had waived the potential issuance of a bond, and as a result, the Court issued the injunction.

unwarranted to alter or amend its Order granting preliminary injunctive relief. The Court's decision was not based solely on that finding, but on the specific language of the documents. Doc. 28 at 5-6.

Defendants offer other evidence supporting its position that the granting of injunctive relief should be reversed. For example, Defendants point out that the title of one of the documents, the Agreement of *Ownership* (emphasis added), clearly demonstrates an intent on the part of Plaintiff to transfer the ownership of certain property that had previously belonged to him. However, in the Order granting injunctive relief, the Court took special note of the bullets separating language regarding the JetStream digitizer from the software -- and as a result separating the conditions and understandings of the parties with regard to the two items. Doc. 28 at 4-5. The Court's findings were based on contract interpretation by reference to the express language of the document and by resorting to traditional rules of grammar and punctuation, not simply on the erroneous finding that Defendant Gregg had drafted the document.

Defendants also offer testimony elicited at a state court hearing for the proposition that Plaintiff conceded that he had transferred ownership of his copyright rights to BVH Gregg, LLC:

Mr. Rigg: I'm offering that man's own sworn pleading in this case.
The Court: For what purpose?
Mr. Rigg: To show the purchase, to show that Mr. Hesch put the JetStream software into this company.
Mr. Kahn: It's not disputed, Judge.
Mr. Rigg: It's not disputed? What are we here for on the JetStream?
Mr. Kahn: We're not disputing JetStream at all. There's a written agreement, Exhibit 1. We don't dispute JetStream at all.

Ex. A, 131:9-20.

However, on the page following in the same attached exhibit, the testimony contradicts

3

what Defendants would propose:

Q. Okay. Is it – does it not also include the JetStream software?
A. It does not. That is not stated here.
Q. How is it going to run without the JetStream software, sir?
A. By virtue of a paragraph on the next page.
Q. Which is?
A. Jim Hesch of Ziatek will provide the JetStream software for the Stealth, for the new product line.
Q. Correct. And that's what you agreed to do, wasn't it?
A. Yes, and I have done so.
Q. Okay. And that software belongs to the L.L.C., doesn't it?
A. It does not say that. It says I will provide it.

Ex. A, 193:5-20.

While "magic words" or extensive documents are not necessary to effect a transfer of copyright ownership under 17 U.S.C. § 204(a), there still must be some evidence of a party's intent to do so, as noted in the Court's Order granting preliminary injunctive relief. Doc. 28 at 5-6. Regardless of which party drafted the documents in question, Plaintiff would still be entitled to preliminary injunctive relief, since he has shown the existence of questions going to the merits that are "serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation." Valley Community vs. Mineta, 373 F.3d 1078, 1083 (10th Cir. 2004) (citation omitted).[3] The Court notes that the granting of injunctive relief at this juncture does not mean that Plaintiff has ultimately prevailed on the question of whether he transferred ownership of the JetStream software, any more than it means that Plaintiff has prevailed on the copyright infringement issue. The ultimate disposition of these questions will be resolved at trial. See Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981) ("[F]indings of fact

---

[3] Since Plaintiff had satisfied three of the four factors necessary in order to obtain injunctive relief, the Court also found that Plaintiff was entitled to a modified fourth factor regarding the likelihood of success, as stated above. Doc. 28 at 3-4.

and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits").

In sum, the Court's Orders regarding the granting of injunctive relief on the Ziatek JetStream software (Docs. 28 and 30) did not rely on the Court's finding that Defendant Gregg (instead of Plaintiff Hesch) had drafted the Agreement of Ownership and the Membership Agreement. Therefore, those Orders need not be amended, modified or reversed. Accordingly, Defendants' objections to the Court's rulings are noted but are overruled.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion For Relief from the Court's Memorandum, Opinion and Order Granting Plaintiff's Motion for Preliminary Injunction and/or Permanent Injunction Concerning the Ziatek JetsSream Digitizing Software **(Doc. 35)**, is hereby DENIED for reasons described above.

_____
UNITED STATES DISTRICT JUDGE